ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **JULIA FELIZ BARRERAS**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE EDUCACIÓN**<br><br>Recurrido | TA2025RA00367 | **REVISIÓN** procedente del Departamento de Educación<br><br>Caso Núm:<br><br>Sobre:<br>Carta Circular Núm. 006-2025-2026 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Cintrón

### SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Comparece ante este foro revisor, la Sra. Julia Feliz Barrera (señora Feliz) mediante un escrito intitulado *Moción Informativa Urgente y Solicitud de Remedios por Incumplimiento Administrativo, Violaciones Federales y Estatales, [e] Ilegalidad Sustantiva de la Carta Circular 006-2025-2026* y nos solicita que declaremos ultra vires e inválida la Carta Circular 006-2025-2026.

Por los fundamentos que expresaremos a continuación, *desestimamos* el recurso de epígrafe por falta de jurisdicción.

### I.

Según surge del expediente, el 8 de noviembre de 2025, la señora Feliz presentó ante el Departamento de Educación de Puerto Rico (Departamento de Educación) una solicitud de suspensión e impugnación administrativa de la Carta Circular Núm. 006-2025-2026. Mediante su escrito, sostuvo que la carta circular en cuestión limitó, redefinió y eliminó servicios necesarios y protegidos por leyes federales y estatales de educación especial al clasificar servicios educativos como "clínicos" o "médicos", aun cuando estos eran necesarios para garantizar el acceso educativo. Por ello, solicitó al

Departamento de Educación que revisara la referida carta circular al amparo de las disposiciones legales aplicables y, en consecuencia, determinara que la misma constituía una actuación *ultra vires* del Secretario. No obstante, el Departamento de Educación no emitió pronunciamiento alguno en cuanto a la solicitud de la señora Feliz.

Inconforme, la señora Feliz acudió ante este foro revisor mediante el recurso de epígrafe señalando que la inacción del Departamento de Educación sobre su solicitud de impugnación constituyó incumplimiento administrativo, violación al debido proceso y daño continuo a menores con impedimentos.

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia del Departamento de Educación.

**II.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022), citando a *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.*, citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012) y otros. Así, "cuando un tribunal determina que no tiene

jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *Allied Management Group, Inc. v. Oriental Bank*, supra, pág. 387. En armonía con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *infra*, R. 83 (C), nos faculta, por iniciativa propia, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

### III.

En su escrito, la señora Feliz aduce que el Departamento de Educación de Puerto Rico emitió una carta circular nula, *ultra vires* y contraria a múltiples leyes federales y estatales. En ese sentido, arguye que una carta circular no puede alterar derechos ni delegar obligaciones establecidas por ley y añade que, precisamente, la carta circular aquí en controversia excedió la autoridad delegada por el legislador y contradijo la jerarquía normativa. Así, plantea que esta interrumpe "PEIs", causa regresión educativa y crea barreras y cargas indebidas al limitar los servicios esenciales. Además, expone que la misma discrimina al permitir que personal no licenciado para ello reclasifique servicios, decida si un servicio es "clínico" y recomiende la eliminación de terapias.

Analizado ponderadamente el expediente, junto con los argumentos de la señora Feliz y el derecho aplicable, colegimos que carecemos de jurisdicción para atender el recurso de referencia. *Veamos.*

De entrada, nos parece meritorio resaltar que las disposiciones de la Ley de Procedimiento Administrativo Uniforme (LPAU) en cuanto al proceso que se exige para que una reglamentación sea válida, aplican dependiendo del tipo de regla que se trate, entiéndase si es una regla legislativa o una regla no legislativa. Nuestro ordenamiento jurídico ha dispuesto

específicamente que el proceso de reglamentación e impugnación de la LPAU aplica a las reglas legislativas. Las reglas legislativas "crea[n] derechos, impone[n] obligaciones y establece[n] un patrón de conducta que tiene fuerza de ley" mientras que las reglas no legislativas no alteran los derechos ni las obligaciones de los individuos. *Sierra Club v. Junta de Planificación, supra*, citando a *Mun. de San Juan v. JCA,* 152 DPR 673, 692-696 (2000). De forma que las reglas no legislativas son más bien pronunciamientos administrativos que tienen como objetivo clarificar o dar uniformidad a los procedimientos internos o pautar la discreción administrativa. *Mun. de San Juan v. JCA,* supra, pág. 692 (2000).

En el caso ante nos, el Departamento de Educación emitió la *Carta Circular 006-2025-2026*. En esta, surge de manifiesto su propósito: delimitar lo que constituye un servicio relacionado educativo para efectos de garantizar el uso adecuado de los servicios relacionados, conforme a las leyes vigentes y al propósito educativo institucional. Además, surge propiamente de la referida carta circular que el Departamento de Educación entendió que resultaba imperativo "establecer con claridad una línea divisoria entre lo que constituye un servicio relacionado educativo, cuyo propósito es apoyar el desempeño académico y la adaptación del estudiante al entorno escolar, y lo que representa un tratamiento terapéutico o clínico, que tiene fines médicos".

Así las cosas, si bien de una simple lectura, podría entenderse que la carta circular limita los derechos de aquellos menores beneficiarios de servicios relacionados, resulta evidente que ello no es así toda vez que la carta en cuestión supone la interpretación del Departamento de Educación en cuanto a su responsabilidad de garantizar el derecho equitativo a una educación pública y apropiada para todos los estudiantes con discapacidades, delimitado por las disposiciones legales aplicables. Recordemos que,

como parte de sus prerrogativas, las agencias administrativas pueden aprobar directrices o reglamentaciones menos formales dirigidas a dar uniformidad a sus procesos. *Asoc. Fcias. Com. v. Depto. de Salud*, 156 DPR 105, 146-46 (2002) citando a Agosto Serrano v. FSE, 132 DPR 866, 873 (1993).

Ahora bien, toda vez que las reglas no legislativas están exceptuadas del procedimiento formal de reglamentación, no procede la impugnación de estas. *Sierra Club v. Junta de Planificación, supra*. Así, solo cuando una "agencia proponga descansar sobre el contenido de un documento guía en detrimento de una persona en cualquier procedimiento administrativo dará a la persona oportunidad adecuada para retar la legalidad o razonabilidad de una posición tomada en dicho documento". 3 LPRA sec. 9630.

Habiendo razonado que la carta circular emitida por el Departamento de Educación es una regla no legislativa y, dado que una regla no legislativa está eximida del proceso de reglamentación que dispone la LPAU, colegimos que no procede evaluar la alegación de la señora Feliz con respecto a su impugnación. Por tal razón, este Foro revisor carece de jurisdicción para atender el recurso presentado por la señora Feliz.

**IV.**

Por los fundamentos antes esbozados, desestimamos el recurso de epígrafe por falta de jurisdicción. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115-11, 215 DPR __ (2025).

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones